PETER DUNN *vs.* CHARLES F. COLLINS and others.

Aroostook. Opinion September 19, 1879.

*Consideration. Bond. Sureties.*

The payment in part of a debt due is no consideration for a promise to delay the collection of the balance.

The execution creditor gave to his debtor a written receipt for twenty dollars "to be indorsed on his execution" and agreed therein to "discharge the execution provided the debtor shall pay the further sum of ninety dollars in sixty and thirty days from date." In an action on a poor debtor's bond, previously given by the debtor to procure his release from arrest on the execution; *Held,* that the stipulations were without consideration and afforded no defense to the sureties.

ON REPORT.

Debt, on a six months' bond given by the defendants to procure the release of Charles F. Collins—one of the defendants—from arrest on an execution issued on a judgment in favor of the plaintiff against Collins. The defendant was defaulted. The sureties defended upon the ground of their discharge by the plaintiff by virtue of the following receipt, dated,

"Houlton, September 27, 1877.

Received of C. F. Collins the sum of twenty ($20) dollars, to be endorsed on ex'on Peter Dunn *v.* said Collins, and it is hereby agreed that I will discharge said ex'on, provided said Collins shall pay the further sum of ninety ($90) dollars in sixty and thirty days from this date, one-half of said last named sum of ninety ($90) dollars to be paid in thirty days from date, and balance in sixty days from date.      PETER DUNN."

The presiding justice ruled that the stipulations contained in the receipt did not release the sureties. Thereupon the case was reported to the law court with the agreement that if the ruling was correct the defendants to be defaulted.

*Madigan & Donworth,* for the plaintiff.

*J. B. Hutchinson,* for the defendants, cited *Leavitt* v. *Savage,* 16 Maine, 72. *Thomas* v. *Dow,* 33 Maine, 390. *Andrews* v. *Marrett,* 58 Maine, 539. *Chute* v. *Pattee,* 37 Maine, 103. *Lime Rock Bank* v. *Mallett,* 34 Maine, 550. S. C., 42 Maine,

355. *Mariner's Bank* v. *Abbott*, 28 Maine, 280. *Little* v. *Hobbs*, 34 Maine, 357. *Crosby* v. *Myatt*, 10 N. H., 318.

DANFORTH, J. This suit is upon a poor debtor's bond. The principal makes no defense. The sureties defend upon the ground of their discharge by the plaintiff, and to sustain this defense put in the paper dated September 27, 1877.

This paper may presumably refer to the execution upon which the debtor was arrested, but it does not either directly or indirectly refer to the bond given to discharge that arrest. Here is no waiver of any of the conditions in the bond, nor any promise of delay in regard to them; nothing whatever to prevent the creditor from pursuing such remedies as it may afford and within the time allowed by its terms. Nor does it in any way interfere with such rights and remedies as may accrue to the sureties from the contract into which they have entered. The paper may perhaps be collateral to the contract in the bond, but cannot have any effect upon it or upon the liability of the sureties under it. *Merrill* v. *Roulstone*, 14 Allen, 511. *The United States* v. *Hodge*, 6 Howard, 279.

But whatever may be the true construction of the paper as an agreement, it is without consideration, and therefore without binding force. It is first simply a receipt for twenty dollars to be endorsed on the execution. That was no more than a discharge of the debt then due to that amount. It does not purport to be a consideration for the agreement which follows, and if it did the result would be the same, for part payment of a subsisting debt already payable, is not a legal consideration for a promise of delay as to the balance. 2 Am. Lead. Cas., (3d ed.) 306·7. *Mathewson* v. *Strafford Bank*, 45 N. H., 104. The agreement is in effect simply a promise on the part of the plaintiff on conditions to be performed by the debtor in the future. There was no promise on the debtor's part to perform these conditions, and if there were, it would only be for the payment of a debt for which the creditor had something more than a mere promise, a judgment of the court and execution. The debtor waived no right to fulfill any of the conditions of the bond, nor did he

assume any burdens which did not rest upon him by virtue of the bond and judgment. *Leavitt* v. *Savage*, 16 Maine, 72.

Thus the ruling of the presiding justice was correct, and as provided in the report, the defendants must be defaulted.

*Defendants defaulted.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and SYMONDS, JJ., concurred.